829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas P. BANCROFT, Defendant-Appellant.
 No. 86-1554
 United States Court of Appeals, Sixth Circuit.
 September 11, 1987.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and WISEMAN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Douglas Bancroft seeks a reversal of his conviction under 18 U.S.C. Sec. 876 (1982) for mailing a threatening communication to an employee of the Internal Revenue Service. He raises several claims, all directed at the district court's handling of the trial. Bancroft's claims include the assertions that the district court committed reversible error (1) in allowing the government's witness to read aloud portions of the threatening letter, and (2) in excluding as hearsay a letter from Bancroft to his wife.
 
 
 2
 On March 29, 1985, Bancroft sent a letter to a Mr. Bird in the Cincinnati office of the Internal Revenue Service. The letter contained the following passages:
 
 
 3
 If you choose not to send the letter and the return of the illegal monies that you and your conspirators have defrauded me out of, you will force me to come and get it or do what is my right to do.
 
 
 4
 It is far from what I desire to do, but if you force me, I must.
 
 
 5
 ***
 
 
 6
 Now should I make it down to Cincinnati and confront you for the letter and monies that you and your conspirators owe to me, of which I am holding you responsible, there will be two choices. 1. you will hand me these things that you have ready, or 2. you will be ready to take my life or I yours.
 
 
 7
 Now, should you manage to overpower me, and kill me, I will no longer have any say in the matter of how your people rape our country. But should I manage to be the victor, I will surely have to prove to a jury of my peers that I had the duty and the right to do this act of violence in accordance with the right of the people.
 
 
 8
 The employee who received this letter turned it over to the security division of the Internal Revenue Service.
 
 
 9
 A couple of weeks later on April 15, 1985, Bancroft went to Cincinnati to confront Mr. Bird. He was met by two Internal Revenue investigators who questioned him about the letter. He admitted that he had written it. Two days later, on April 17, Bancroft was arrested for mailing a threatening communication in violation of 18 U.S.C. Sec. 876 (1982). During questioning, he said he went to Cincinnati either to get his money or to carry out his threats. He also said that if Internal Revenue agents 'came to collect or seized anything, that he would kill them.'
 
 
 10
 At trial the government had the passages of Bancroft's letter to Mr. Bird excerpted above read aloud to the jury. The government subsequently introduced into evidence the whole letter to Mr. Bird. Also, the district court excluded from evidence a letter from Bancroft to his wife that was written weeks after the letter to Mr. Bird on the ground that the letter was hearsay.
 
 
 11
 Bancroft now claims that he was denied a fair trial by the reading to the jury of parts of Bancroft's letter to Mr. Bird. Even though the entire letter was introduced into evidence, he claims that the reading of selected parts 'created an untrue and lasting impression' that could not be corrected. Because Bancroft did not object to this selective reading at the trial, we must review his contention under the 'plain error' standard which requires that the defendant show the trial was 'infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it. . . .' United States v. Frady, 456 U.S. 152, 163 (1982). See also Fed. R. Crim. P. 52(b). We cannot say that Bancroft's trial was 'infected' with error. Bancroft had ample opportunity to draw attention to the rest of the letter if he had thought that that would lessen the impact of his quoted words. We also note that the district court interrupted the trial testimony to tell the jury that it would have the entire letter to examine and that the government had focused only on the parts it thought relevant. We think this sua sponte interjection by the court and the presence in evidence of the full letter were sufficient to avert any unfair prejudice to Bancroft.
 
 
 12
 Bancroft also claims that the trial court committed reversible error when it excluded as hearsay a letter he wrote to his wife at the time of his trip to Cincinnati. He contends that the letter was admissible under the state of mind exception to the hearsay rule, Rule 803(1) of the Federal Rules of Evidence. A district court's evidentiary rulings will be reversed only where the court has abused its discretion. See United States v. Cusmano, 729 F.2d 380 (6th Cir.), cert. denied, 467 U.S. 1252 (1984).
 
 
 13
 We do not find any such abuse of discretion here. This letter to Bancroft's wife was written during Bancroft's trip to Cincinnati some two weeks after the letter to Mr. Bird. According to Bancroft's attorney, the letter would be informative as to '[Bancroft's] thoughts, his state of mind, his state of mind at the time this was going on, and I think that it is relevant, and I think it is acceptable to the hearsay rule, where it was the present state of mind that is being recalled.' The district court rejected that reasoning: 'Well, the difficulty I have counsel, is that we are dealing with a letter that was written in March, and not what his feelings were in April. Let's not extend it too remotely. We are dealing with what happened in that [March] letter.' We agree with the district court and can find no abuse of discretion on its part. As Rule 803(1) provides, a statement of present sense impression is admissible as an exception to the hearsay rule only when it is 'made while the declarant was perceiving the event or condition, or immediately thereafter.' To admit a letter written two weeks after the fact would stretch this exception so far as to strip it of any meaning.
 
 
 14
 We have reviewed the other contentions that Bancroft raises and find them without merit.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation